DANIEL G. BOGDEN
United States Attorney
District of Nevada

MICHAEL A. HUMPHREYS
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: michael.humphreys@usdoj.gov

*Attorneys for the United States of America.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CORNELIU WEIKUM and ) <br> YULIA MISNA-HEFFRON, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:12-cr-00346-GMN-NJK |

**UNITED STATES' MOTION TO CONTINUE
THE DEADLINE FOR THE UNITED STATES
TO RESPOND TO THIRD-PARTY PETITIONS**

The United States of America by and through Daniel G. Bogden, United States Attorney for the District of Nevada and Michael A. Humphreys, Assistant United States Attorney, respectfully moves this Court to grant the United States a 60-day continuance, or until April 25, 2014, to respond to the petitions/claims that have been filed by the third-parties in this case. The United States' response to these petitions is currently due on February 25, 2014.

For its grounds the United States says that this case involves an internet fraud scheme that swindled hundreds of unwitting buyers into sending money to the defendants for merchandise, primarily conveyances such as cars, trucks, small vessels and motorcycles, that the defendants did not own and never intended to give to the buyers in exchange for their funds. According to the indictment, the

1

conspiracy extended from an unknown date until November 2010. The victims were scammed in amounts ranging from a few thousand dollars to a $130,000.00. (Most individual victim losses were in the range of $5,000.00 of $20,000.00.)

The defendants pled guilty on September 20, 2012; and this Court signed preliminary orders of forfeiture as to each defendant on that same date. The preliminary order forfeited the defendants' interest in $1,364,660.00 in hard currency, plus two phones and a watch of negligible monetary value compared to the seized currency. Once this Court signed the preliminary orders of forfeiture, the United States served all the known victims of the fraud in this case as it was obliged to do under 21 U.S.C. §853(n)(1). The identity of the victims was ascertained from the restitution order that was an addendum to the judgment and commitment that was made a part of the defendants' sentence.

In the notice that the Government sent to each victim, the Government identified three options for each interested person to consider in deciding whether they wanted to respond. One alternative was to file a claim pursuant to 21 U.S.C. §853(n)(2). The next option was to request that the Government consider a petition for remission. The third option would be to have their respective claims covered by the restoration process.

Options two and three are non-judicial, administrative procedures where the Attorney General (or his appropriate designee) makes a discretionary determination as to the distribution of funds in the forfeiture judgment. To be covered by the third option, the Restoration procedure, the claiming party must be named by the Court in the restitution order. As discussed in the Notice, if a putative claimant chose to seek partial remuneration[1] from the restoration process, such claimant had no obligation to file anything with either this court or the Attorney General. In other words, the restoration would be invoked automatically once this Court signs the final order of forfeiture. In this case, the United States sent notices to all of the individuals identified in the restitution order as persons who might have an interest in the forfeiture judgment.

---

[1] Because the total victim losses amount to approximately 4.3 million dollars and the total amount of the forfeiture judgment is approximately 1.3 million, no victim will receive 100 pennies on the dollar as compensation from the judgment for their respective losses.

The United States served all 267 individuals named in the restitution order with a copy of the notice and the preliminary order of forfeiture. The first notice was sent on January 15, 2014 and the last notice was sent on January 21, 2014. Because each claimant had thirty days from receipt of the notice to respond, all responses should have been filed with this Court by February 21, 2014. However, as noted above, it is reasonable to assume that some putative claimants chose not to respond to the Notice at all, since the Notice stated that doing nothing was a viable option if the putative claimant intended to pursue the Restoration process. To date the United States has received approximately 30 written responses from individuals who have responded to the Government's notice letter. Some of the responses read as though they might be a claim (invoking the judicial process); others appear to be petitions for remission and/or restoration (invoking the administrative process) while others appear to be a hybrid of the two.

The Government intends to facilitate a settlement of this matter entire by removing this third-party matter from the judicial sphere and dispersing the fund through the administrative process of restoration.

To that end, counsel has spoken either directly to some of the victims who have filed a claim or to counsel for those victims. The victims (or their counsel) that Government counsel has contacted have expressed their preference for settling the case through the administrative restoration process. Those that have been contacted have all been advised of their statutory rights to pursue litigation through the claim process but have universally elected to pursue relief through administrative process. The Government cannot pursue the administrative process as long as there is pending litigation, in the form of a claim filed by any interested person with this Court. All putative claimants have been advised of that fact; and have verbally elected to withdraw their claims to forego time-consuming and expensive litigation. However, not all of the persons who have filed a response to the Government's above-referenced notice have been contacted.

Assuming that all of the victims that are contacted elect to withdraw their respective filings and proceed with the restoration process (a reasonable assumption given that those contacted to date have elected to proceed administratively; and given the additional fact that such persons will not have to

3

perform any additional acts to become a part of the class that will be paid pursuant to that restoration process) the Government proposes to submit a settlement agreement to all parties who have filed a claim or an arguable claim where they agree to withdraw their claims so that administrative disposition of this matter will be able to proceed.  Once all settlement agreements have been prepared, executed and submitted to this Court for approval, the way will be clear for this Court to sign the final order of forfeiture and the administrative process to commence.

     The Government needs and requests an additional sixty (60) days to communicate with and coordinate all of the settlement agreements that will clear the way for this Court to sign the final order of forfeiture and for the administrative process to begin.

     WHEREFORE, the United States moves this Court to grant its motion to extend the time for the United States to file a respond (and/or responses) to any claim petitions in this matter for an additional sixty (60) days; or until April 25, 2014.

     DATED this 25th day of February 2014.

                         Respectfully submitted,

                         DANIEL G. BOGDEN
                         United States Attorney

                         */s/Michael A. Humphreys*
                         MICHAEL A. HUMPHREYS
                         Assistant United States Attorney

## ORDER

     The Court has read the foregoing Motion to Continue the Deadline for the United States to Respond to Third-Party Petitions (ECF No. 69) as to defendants, Corneliu Weikum and Yulia Mishina-Heffron, and hereby **GRANTS in part** and **DENIES in part**, as follows:

     **IT IS HEREBY ORDERED** that the United States' Motion to extend the time for filing a response (or responses) to any claim petition/motion is **GRANTED**.

     **IT IS FURTHER ORDERED** that the request for an additional sixty (60) days from February 25, 2014, is hereby **DENIED.**  Plaintiff is granted a thirty (30) day extension from February 25, 2014.

     **IT IS FURTHER ORDERED** that the United States' response (or responses) to any claim petition/motion on file herein **shall be filed on or before March 27, 2014**.

     **DATED** this 28th day of February, 2014.

                                         _____
                                         Gloria M. Navarro, Chief Judge
                                         United States District Court